UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
ELIOT S. SASH,                                    :          07 Civ. 5536 (SHS)
                                                  :
      Plaintiff,    :
                                                  :          MEMORANDUM OPINION
  -against-                             :          & ORDER
                                                  :
DIANNE PLUMMER, ET AL.,                           :
                                                  :
      Defendant.    :
------------------------------------------------------------------x

SIDNEY H. STEIN, U.S. District Judge.

  Eliot Sash brings this action for damages against the United States Probation Officer who prepared Sash's pre-sentence report ("PSR") in 2003 after he pled guilty to federal crimes. Sash claims that that probation officer negligently prepared the PSR, which allegedly damaged him. He has also named the Chief U.S. Probation Officer and the U.S. Probation Department itself as defendants. Sash is representing himself in this action, which he filed while in prison. He seeks to proceed in forma pauperis ("IFP") in this lawsuit. IFP status would relieve him from paying court costs and fees. This complaint is the sixteenth federal lawsuit Sash has filed since 2003. The government, on behalf of defendants, seeks to have Sash barred from proceeding IFP pursuant to the so-called "three strikes" rule of 28 U.S.C. § 1915(g), and seeks to have Sash enjoined from filing further frivolous and vexatious litigation. Because the three strikes rule applies to this action, Sash's application to proceed IFP is denied, and this action is dismissed without prejudice to commencing the action upon payment of the requisite filing fee. However, the Court declines to impose a filing injunction on Sash at this time.

**I. HISTORY OF THIS ACTION**

1

In October of 2007, Magistrate Judge James C. Francis, to whom this action was referred for pre-trial purposes, directed Sash to show cause why his IFP status, which had been granted when he first filed this action, should not be revoked pursuant to the three strikes rule. (Order dated Oct. 18, 2007.) Sash failed to show cause, and on December 14, 2007, Judge Francis issued a Report and Recommendation recommending that Sash's complaint be dismissed pursuant to the three strikes rule, since he had previously filed while imprisoned four cases that were either frivolous or lacked a basis in law or fact. (Report and Recommendation dated Dec. 14, 2007, at 3-4.) Sash has now filed objections to the Report and Recommendation.[1]

Sash's objections are as follows: (1) the prior actions were meritorious and never should have been dismissed; (2) the prior actions were dismissed solely because they were filed prematurely, and thus do not count as strikes under Tafari v. Hues, 473 F.3d 440, 443 (2d Cir. 2007); (3) 28 U.S.C. § 1915(g) is unconstitutional; (4) two of the strikes cited by the magistrate judge should not count because Sash was not incarcerated when he filed those cases; and (5) this action is not governed by 28 U.S.C. § 1915(g) because Sash has been released from incarceration and section 1915(g) only applies to prisoners.

## II. HISTORY OF SASH'S PRIOR ACTIONS

### A. Sash's Criminal History

In 2002, Sash was indicted in New York State court on twenty-three counts of filing insurance documents that falsely claimed that his wife had been killed in the World Trade Center attacks on September 11, 2001. See Sash v. Dudley, No. 05 Civ. 7498, 2006 WL 997256, at *1 (S.D.N.Y. Apr. 17, 2006). He subsequently pled guilty to one count of forgery in the second

---

[1] Sash did not file objections within the ten day period provided by 28 U.S.C. 636(b)(1)(C) and Fed. R. Civ. P. 72. This Court subsequently adopted the Report and Recommendation in full and dismissed the complaint without prejudice. (Order dated Jan. 7, 2008.) Sash subsequently asked the court to vacate that order and permit him to file objections on the ground that he had not received prior notice of the Report and Recommendation. The Court granted Sash's application, and he subsequently submitted objections.

degree. Id. While those state charges were pending, Sash was arrested on federal charges for unlawfully producing and possessing New York City Police Department badges and selling counterfeit police badges. See Sash v. Schwartz, No. 04 Civ. 9634, 2007 WL 30042, at *2 (S.D.N.Y. Jan. 4, 2007). After being released on bail, he was arrested for possession of counterfeit bar code stickers for merchandise at K-Mart. Id. He eventually pled guilty in federal court to identification fraud and access device fraud and was sentenced to twenty-seven months in prison. Id.

After being released from federal incarceration, Sash was arrested again on March 6, 2006, and was found guilty of violating the terms of his supervised release by possessing police badges and police uniforms and failing to answer truthfully his probation officer's inquiries; he was sentenced to twenty-four months' imprisonment. Id.; see also United States v. Sash, 444 F. Supp. 2d 224, 227-29 (S.D.N.Y. 2006).

  B. Sash's History of Litigation

As noted above, Sash has filed sixteen federal actions, ranging from several suits against former attorneys for malpractice to suits against prison officials to suits for false arrest. (See Defendants' Response to Plaintiff's Objections to the Report and Recommendation of Magistrate Judge Francis ("Def.'s Resp.") at 4-5 (listing cases).) Several of these cases have been dismissed for failure to state a claim upon which relief can be granted, see, e.g., Sash v. Parks, No. 06 Civ. 4218 (S.D.N.Y. 2006); for lack of subject matter jurisdiction, see, e.g., Sash v. Callahan, No. 05 Civ. 8798 (S.D.N.Y. 2005); or for failure to meet the requirements of a habeas petition, see, e.g., Sash v. Zenk, No. 04 Civ. 2503 (E.D.N.Y. 2004).[2] Sash has also taken appeals that the Second

---

[2] Sash also moved, in a criminal proceeding against him, for attorney's fees pursuant to the Hyde Amendment, Pub. L. No. 105-119, § 617, 111 Stat. 2440, 2519, reprinted in 18 U.S.C. 3006A notes. The district court denied Sash's motion as "meritless," noting that Sash "may very well be the first criminal defendant in the limited history of the Hyde Amendment to seek damages following a prosecution in which he was convicted, and is almost certainly the

3

Circuit has determined "lack[] an arguable basis in fact or law," see, e.g., Sash v. Parks, No. 06-3602-cv (2d Cir. Jan. 12, 2007); Sash v. Clinton County, No. 04-0152-pr (2d Cir. Dec. 8, 2004), even after district judges had concluded that any appeal would not be taken in good faith (see, e.g., Order dated June 5, 2006, Sash v. Parks, No. 06 Civ. 4218 (S.D.N.Y.); Order dated March 24, 2004, Sash v. Clinton County, No. 03 Civ. 1321 (N.D.N.Y.)). In each of these actions, Sash had been permitted to proceed IFP.

### III. THREE STRIKES RULE

A plaintiff who cannot afford to pay court costs and fees may, with the permission of the court, commence an action without paying costs or fees. 28 U.S.C. § 1915. However, 28 U.S.C. § 1915(g)—the "three strikes" clause—was added in 1996 by the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321-66 to 1321-74 (1996), for the specific purpose of curbing what Congress believed to be abusive litigation by prisoners. See Tafari v. Hues, 473 F.3d 440, 443-44 (2d Cir. 2007). That clause provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding [in forma pauperis] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The purpose behind the three strikes clause is to "'forc[e prisoners] to go through the same thought process non-inmates go through before filing a suit, i.e., is filing this suit worth the costs?'" Tafari, 473 F.3d at 443 (quoting Rodriguez v. Cook, 169 F.3d 1176, 1181 (9th Cir. 1999)). Simply because a case is unsuccessful, however, does not mean it constitutes a "strike" under section 1915(g): the statute requires that the action or appeal be "frivolous, malicious, or fail[] to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g).

---

first to seek such following a conviction based on a guilty plea." United States v. Sash, No. 02 Cr. 1519, 2006 WL 156475, at *2 (S.D.N.Y. Jan. 18, 2006).

A frivolous action is one that "'advances inarguable legal conclusion[s]' or 'fanciful factual allegations,'" Tafari, 473 F.3d at 442 (quoting Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989)), or "where it lacks arguable basis either in law or in fact." Neitzke, 490 U.S. at 325.  A malicious action is one "'filed with the intention or desire to harm another.'" Tafari, 473 F.3d at 442 (quoting Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005)).  An action that fails to state a claim upon which relief may be granted is one dismissed pursuant to Fed. R. Civ. P. 12(b)(6).  Id.

In contrast, a case dismissed for a jurisdictional defect or on summary judgment does not constitute a strike for purposes of section 1915(g).  See Snider v. Melindez, 199 F.3d 108, 111 (2d Cir. 1999); see also Ramsey v. Goord, No. 05 Civ. 47A, 2007 WL 1199573, at *2 (W.D.N.Y. Apr. 19, 2007); Walker v. Kirschner, No. 96 Civ. 7746, 1997 WL 698190, at *2 (S.D.N.Y. Nov. 7, 1997).

**IV.   SASH'S THREE STRIKES**

Judge Frances's Report and Recommendation counted four prior actions which courts had found to be baseless or frivolous as "strikes":  Sash v. Parks, No. 06-3602-cv (2d Cir. Jan. 12, 2007) (frivolous appeal); Sash v. Clinton County, No. 04-0152-pr (2d Cir. Dec. 8, 2004) (frivolous appeal); Sash v. Schwartz, No. 04 Civ. 9634, 2007 WL 30042, at *7 (S.D.N.Y. Jan. 4, 2007) (granting summary judgment to an attorney whom Sash had sued for malpractice); and Sash v. Dudley, No. 05 Div. 7498, 2006 WL 997256, at *3 (S.D.N.Y. Apr. 17, 2006), aff'd, 222 Fed. App'x 95 (2d Cir. 2007) (same).

The government now relies on two of those four cases plus one other related strike.  First, in 2003, in Sash v. Clinton County, Sash sought an order vacating his 1977 convictions for assault and consensual sodomy.  (Petition filed Oct. 30, 2003, Sash v. Clinton County, No. 03

5

Civ. 1321 (N.D.N.Y.).)  The district court dismissed Sash's complaint, denied his motion for reconsideration, and declined to issue a certificate of appealability.  (Orders dated Dec. 15, 2003, Jan. 16, 2004, and March 24, 2004, Sash v. Clinton County, No. 03 Civ. 1321 (N.D.N.Y.).)  Sash's subsequent appeal was dismissed by the Second Circuit as "lack[ing] an arguable basis in law or fact."  Sash v. Clinton County, 04-0152-pr (2d Cir. Dec. 8, 2004).  Second, in 2006, then-Chief Judge Michael B. Mukasey found that the complaint in Sash v. Parks, 06 Civ. 4218 (S.D.N.Y.) "failed to state a claim upon which relief can be granted," and certified pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith.  (Order dated June 5, 2006, Sash v. Parks, No. 06 Civ. 4218 (S.D.N.Y.).)  Third, Sash appealed Judge Mukasey's Order, and his appeal was dismissed by the U.S. Court of Appeals for the Second Circuit because "it lack[ed] an arguable basis in fact or in law."  Sash v. Parks, No. 06-3602-cv (2d Cir. Jan. 12, 2007).

## V. SASH'S OBJECTIONS

Sash objects to Judge Frances's Report and Recommendation on the grounds that (1) each of the orders of dismissal were legally wrong; (2) three of the strikes cited by the magistrate judge—Sash v. Clinton County, Sash v. Dudley, and Sash v. Schwartz—were dismissed because they were filed prematurely, and thus do not count as strikes under Tafari; (3) 28 U.S.C. § 1915(g) is unconstitutional; (4) two of the strikes cited by the magistrate judge—Sash v. Parks and Sash v. Dudley—should not count because Sash was not incarcerated when he filed those suits; and (5) this case is not governed by 28 U.S.C. § 1915(g) because although Sash filed the action while incarcerated, he is not currently a prisoner.  Each of Sash's objections fails, as follows:

    A.  Wrong Decisions

Sash contends that <u>Sash v. Parks</u>, <u>Sash v. Schwartz</u>, and <u>Sash v. Dudley</u> were wrongly decided. Those are final decisions and cannot be relitigated here. See <u>Federated Dep't Stores, Inc. v. Moitie</u>, 452 U.S. 394, 398-99, 101 S. Ct 2424, 69 L. Ed. 2d 103 (1981).

 B. <u>Premature Filing</u>

Sash argues that <u>Sash v. Clinton County</u>, <u>Sash v. Dudley</u>, and <u>Sash v. Schwartz</u> were dismissed because they were filed "prematurely," and therefore do not count as strikes pursuant to 28 U.S.C. § 1915(g). See <u>Snider</u>, 199 F.3d at 111.

Sash is incorrect. <u>Sash v. Clinton County</u> was not dismissed because it was filed "prematurely." Rather, Sash had applied for <u>coram nobis</u> relief in an effort to avoid filing a petition pursuant to 28 U.S.C. § 2255. (Order dated Dec. 15, 2003, at 4-5, <u>Sash v. Clinton County</u>, No. 03 Civ. 1321 (N.D.N.Y.).) The Second Circuit did not, as Sash contends, "want[] [him] to exhaust [his] New York State Court remedies before seeking redress in the Federal Courts." (Objections to Report and Recommendation dated Feb. 11, 2008 at 7.) Indeed, the Second Circuit explicitly wrote that "the appeal is dismissed because it lacks an arguable basis in law or fact." <u>Sash v. Clinton County</u>, No. 04-0152-pr (2d Cir. Dec. 8, 2004).

Similarly, <u>Sash v. Dudley</u> and <u>Sash v. Schwartz</u>, both malpractice actions against Sash's former attorneys, were not dismissed because they were filed prematurely. They were dismissed on summary judgment because Sash could not prevail in suits against his attorneys from prior criminal actions for malpractice when he had pled guilty and his convictions had not been overturned. See <u>Sash v. Schwartz</u>, 2007 WL 30042, at *7; <u>Sash v. Dudley</u>, 2006 WL 997256, at *3.

 C. <u>Constitutionality of 28 U.S.C. § 1915(g)</u>

7

Sash contends that section 1915(g) is unconstitutional because it violates his First Amendment right to petition the Government for a redress of his grievances, his Fifth Amendment right to due process, and his right to equal protection under the Fourteenth Amendment. The Second Circuit has rejected these arguments, see Polanco v. Hopkins, 510 F.3d 152, 155-56 (2d Cir. 2007) (noting that IFP status "is not a constitutional right, but rather a congressionally created benefit which can be extended or limited by Congress" (internal quotation marks omitted)), as has every Circuit that has addressed constitutional challenges to section 1915(g). See, e.g., Rodriguez, 169 F.3d at 1181 (9th Cir. 1999); Wilson v. Yaklich, 148 F.3d 596, 604-05 (6th Cir. 1998); Carson v. Johnson, 112 F.3d 818, 821-22 (5th Cir. 1997).

    D. Incarceration at Commencement of Two Suits

Sash argues that he was not incarcerated when Sash v. Parks was filed, and therefore the dismissal of that litigation cannot be considered a "strike" pursuant to section 1915(g). This is incorrect. He was incarcerated from March 7, 2006 to November 30, 2007 (Ex. I to Amended Declaration of David Bober dated Mar. 19, 2008 ("Bober Decl.")); in June 2006, he filed Sash v. Parks and appealed its dismissal the same month (Compl. filed June 5, 2006; Notice of Appeal dated June 21, 2006, Sash v. Parks, No. 06 Civ. 4218 (S.D.N.Y.)). In addition, Sash was incarcerated from January 2, 2003 to November 23, 2004 (Ex. I to Bober Decl.); in December 2003, he appealed the dismissal of Sash v. Clinton County, see Sash v. Clinton County, No. 03 Civ. 1321 (N.D.N.Y.).[3] Sash has filed at least three actions or appeals while incarcerated that

---

[3] On December 29, 2003, Sash appealed the Order denying his petition. (Notice of Appeal dated Dec. 29, 2003, Sash v. Clinton County, No. 03 Civ. 1321 (N.D.N.Y.).) In a Mandate filed February 2, 2004, the Second Circuit dismissed Sash's appeal without prejudice, stating that the appeal would be reinstated within thirty days of "the entry of an order by the district judge grant[ing] or denying a certificate of appealability." Sash v. Clinton County, 04-0152-pr (2d Cir. Feb. 2, 2004). In March 2004, the district court denied Sash's request for a certificate of appealability. (Order dated Mar. 24, 2004, Sash v. Clinton County, No. 03 Civ. 1321 (N.D.N.Y.).) Sash was incarcerated throughout this time period. (See Ex. I to Bober Decl.)

were dismissed "on the grounds that [they were] frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g).

Sash is correct in one respect: he was not incarcerated when Sash v. Dudley was filed, and thus this Court will not consider it one of Sash's strikes. (Def.'s Resp. at 13.) In that respect, this Opinion differs from the magistrate judge's Report and Recommendation.

### E. Release from Prison After Filing Suit

Finally, Sash urges that his application for IFP status should not be governed by section 1915(g) because although he was a prisoner when he filed this suit, he is no longer incarcerated. That section, however, covers individuals who, "while incarcerated or detained in any facility," brought an action or appeal. 28 U.S.C. §§ 1915(g), (h). Thus, it requires only that the individual be incarcerated at the initiation of the action or appeal and does not require incarceration throughout the proceeding. Other courts are uniformly in accord. See, e.g., Gibson v. Comm'r of Mental Health, No. 04 Civ. 4350, 2006 WL 1234971, at *3 (S.D.N.Y. May 8, 2006) ("[C]ourts have determined that the PLRA does apply to a prisoner who filed a suit during his confinement and thereafter was released from prison."); see also Cox v. Mayer, 332 F.3d 422, 425 (6th Cir. 2003); Ahmed v. Dragovich, 297 F.3d 201, 210 (3d Cir. 2002). Sash brought this suit while he was a prisoner, and thus he is subject to the strictures of section 1915(g).

## VI. FILING INJUNCTION

The government seeks an injunction prohibiting Sash from filing lawsuits in any federal court in the future without prior permission from this Court. "[D]istrict courts have the power and the obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel." Lau v.

9

Meddaugh, 229 F.3d 121, 123 (2d Cir. 2000) (internal quotations and alterations omitted). A district court need consider five factors when determining whether to restrict a litigant's future access to the courts:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties. Ultimately, the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties.

Safir v. U.S. Lines, Inc., 792 F.2d 19, 24 (2d Cir. 1986).

The Court in considering those factors is also mindful that access to the Courts is a fundamental right, see, Lewis v. Casey, 518 U.S. 343, 346, 116 S. Ct. 2174, 135 L. Ed. 2d 606 (1996), and is loathe to issue the broad injunction requested, especially when the result of this decision—the denial of IFP status for Sash pursuant to section 1915(g)—may suffice to eliminate future frivolous or malicious filings by him. The Court therefore will not enjoin Sash from filing other litigations.

## VII. CONCLUSION

The Report and Recommendation reached the proper result, and the result is affirmed on the grounds that Sash has filed while imprisoned at least three suits or appeals that were frivolous or failed to state a claim: Sash v. Parks, No. 06 Civ. 4218 (S.D.N.Y.); Sash v. Parks on appeal, No. 06-3602-cv (2d Cir.); and Sash v. Clinton County on appeal, No. 04-0152-pr (2d Cir.). As a result, his application to proceed IFP in this action is denied pursuant to 28 U.S.C. § 1915(g). The complaint is dismissed without prejudice to its being refiled upon payment of the required fee. Defendants' application to enjoin Sash from filing additional litigation is denied.

Dated: New York, New York
       May 27, 2008

SO ORDERED:

Sidney H. Stein, U.S.D.J.

11