USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/25/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
ELIOT S. SASH,                              :
                                            :
                  Plaintiff,                :
                                            :
          -against-                         :
                                            :
DIANNE PLUMMER, ET AL.,                     :
                                            :
                  Defendant.                :
-----------------------------------------------------------------x

07 Civ. 5536 (SHS)


ORDER

SIDNEY H. STEIN, U.S. District Judge.

In its Order dated May 27, 2008, this Court dismissed plaintiff Eliot Sash's complaint

without prejudice after determining that Sash was barred from proceeding in forma pauperis

("IFP") in this action pursuant to 28 U.S.C. § 1915(g) because he had previously filed three

actions which were dismissed as frivolous, malicious, or for failure to state a claim. In that

Order, the Court relied on the following three "strikes": Sash v. Parks, No. 06 Civ. 4218

(S.D.N.Y.); Sash v. Parks on appeal, No. 06-3602-cv (2d Cir.); and Sash v. Clinton County on

appeal, No. 04-0152-pr (2d Cir.). In his letter dated June 2, 2008 seeking reconsideration of that

determination, Sash writes that one of the actions relied upon by the Court in its May 27, 2008

Order—Sash v. Parks, No. 06 Civ. 4218 (S.D.N.Y.)—was not filed while Sash was incarcerated,

and thus cannot count as a strike under section 1915(g), which states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or
> proceeding [in forma pauperis] if the prisoner has, on 3 or more prior occasions, while
> incarcerated or detained in any facility, brought an action or appeal in a court of the
> United States that was dismissed on the grounds that it is frivolous, malicious, or fails to
> state a claim upon which relief may be granted, unless the prisoner is under imminent
> danger of serious physical injury.

28 U.S.C. § 1915(g). Although Sash v. Parks was filed on June 5, 2006 with the Clerk of Court,

when Sash was incarcerated, it had been received by the Pro Se Office ten months earlier—on

1

August 1, 2005—when Sash was apparently not in prison. (See Ex. A to Letter from Eliot Sash dated June 2, 2008; Ex. I to Amended Declaration of David Bober dated Mar. 19, 2008 ("Bober Decl.").)  The date when a pro se petition is received by the Court's Pro Se Office, rather than the date on which the petition is filed with the Clerk of Court, is when the petition is deemed "filed" for purposes of requests for IFP status. See Toliver v. Sullivan County, 841 F.2d 41, 42 (2d Cir. 1988) (per curiam); Lin v. Fischer, No. 05 Civ. 2707, 2006 WL 3931592, at *3 (S.D.N.Y. Nov. 16, 2006), adopted by 2007 WL 103021 (S.D.N.Y. Jan. 12, 2007); see also Johnson v. Connolly, No. 07 Civ. 0158, 2008 WL 724167, at *7 (N.D.N.Y. Mar. 17, 2008). Sash is therefore correct that Sash v. Parks should not count as a "strike," as it was filed when he was apparently not incarcerated.

Upon review, the Court also notes that the opinion of the U.S. Court of Appeals for the Second Circuit in Sash v. Parks was issued on January 12, 2007, but Sash filed this action, Sash v. Plummer, with the Pro Se Office on September 29, 2006.  Based on the plain language of Section 1915(g), which states that "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding [in forma pauperis] if the prisoner has, on 3 or more prior occasions . . . brought an action or appeal in a court of the United States that was dismissed . . . ," 28 U.S.C. § 1915(g) (emphasis added), Sash v. Parks on appeal cannot count as a strike, as that appeal was not dismissed until after Sash had already brought this action.  See Johnson, 2008 WL 724167, at *7-8 (calculating strikes based on actions that were dismissed by the time the prisoner-plaintiff had filed the current action).

Because at least two of the "strikes" used in this Court's May 27, 2008 opinion do not count as strikes, and because none of the other actions that Sash has filed while incarcerated that have been dismissed as frivolous, malicious, or for failure to state a claim were dismissed before

2

he filed this action on September 29, 2006, this Court vacates its Memorandum Opinion and Order of May 27, 2008.  Sash's request for in forma pauperis status is granted, and the clerk is directed to re-open the case.

Dated: New York, New York
         June 25, 2008

                                    SO ORDERED:

                                    _____
                                    Sidney H. Stein, U.S.D.J.